IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | | |
|---|---|---|
| **DAVID SOSA,** | )( | Civil Action No. 2:19cv1445 |
| | )( | |
| *Plaintiffs,* | )( | |
| | )( | |
| V. | )( | |
| | )( | |
| **SHERIFF WILLIAM SNYDER OF MARTIN** | )( | |
| **COUNTY, FLORIDA,** *in an official capacity,* | )( | |
| **MARTIN COUNTY, FLORIDA,** | )( | |
| **DEPUTY M. KILLOUGH,** *individually,* | )( | |
| **DEPUTY SANCHEZ,** *individually,* and | )( | |
| **JOHN DOE MARTIN COUNTY DEPUTIES** | )( | |
| | )( | |
| *Defendants.* | )( | |

**PLAINTIFF'S FIRST AMENDED[1] ORIGINAL COMPLAINT**

**NOW COMES** Plaintiff DAVID SOSA amending his complaint "as a matter of course" complaining of Defendants Sheriff William Snyder of Martin County, Florida, *in an official capacity,* Martin County, Florida, Deputy M. Killough, *Individually,* Deputy Sanchez, *Individually,* and John Doe Martin County Deputies, and bringing causes of action for DAMAGES, INJUNCTIVE RELIEF, and a CLASS ACTION and will show the Court the following:

**NUTSHELL (some FACTS)**

1. There is a "David Sosa" who is currently Professor of Philosophy and Chair of the Department of Philosophy at the University of Texas, Austin, and starred in the critically acclaimed movie Waking Life[2] as himself.

---

[1] Plaintiff amends "as a matter of course" pursuant to FRCP15(a). There are pending motions to dismiss and the complaint amendment renders them moot.
[2] One of the undersigned lawyer's favorite movies.

Page | 1

2. There is another "David Sosa" who is a financial expert witness in San Francisco.

3. There is another "David Sosa" who is lawyer in the Bronx, New York.

4. There is another "David Sosa" who is chiropractor in San Diego, CA.

5. There is another "David Sosa" who is a Captain and Commandant at the United States Merchant Marine Academy in New York.

6. There is another "David Sosa" who is a well-known artist:



7. There is another "David Sosa" who is a supervisor at the United States Department of Agriculture.

8. There is another "David Sosa" who is a physician of internal medicine in La Crosse, Wisconsin.

9. There is another "David Sosa" who passed away in El Paso, Texas in 2018.

10. There is another "David Sosa" who is an events manager at The Events Company in Houston.

11. There is another "David Sosa" with is a graphic designer with a Bachelor of Arts and Science Degree in Houston, Texas.

12. There is another "David Sosa" who is a beverage manager in Houston, Texas.

13. There is another "David Sosa" with is a graphic designer with a Bachelor of Arts and Science Degree in Houston, Texas.

14. There is another "David Sosa" who is as heating and air conditioning manager in Houston, Texas.

15. There is another "David Sosa" who is an accountant with Exxon/Mobil in Houston, Texas. is a graphic designer with a Bachelor of Arts and Science Degree in Houston, Texas.

16. There is another "David Sosa" who is sales support manager at Stake USA in Houston, Texas.

17. There is another "David Sosa" who is practice director at Randstad in the Miami/Fort Lauderdale Area.

18. There is another "David Sosa" who is a web designer at Cognition Creative in Houston, Texas.

19. There are over EIGHT HUNDRED professional listings for individuals named "David Sosa" on LinkedIn, a professional social media platform.

20. There are THOUSANDS of individuals named "David Sosa" who have lived in the United States or have visited the United States in the years relevant to the instant civil action.

21. Plaintiff David Sosa is a resident of Martin County, Florida, since 2014 and has worked for Pratt and Whitney and its affiliates in research and development on airplane engines for 21

years. David Sosa has two associate degrees in aviation technology and a bachelor of science degree in business administration. He is married with two children, seven and eight years old, and lives is his house in Stuart, Florida in Martin County.

22. Plaintiff David Sosa has been arrested and jailed *TWICE* by the Martin County Sheriff's Department because his name is "David Sosa," the same name as that of a person wanted in Harris County (Houston), Texas after being convicted of selling crack cocaine in 1992 (27 years ago). Both times, David informed the deputies that the person they were looking for, as identified on the warrant that came back for a different David Sosa, had an entirely different date of birth, substantial height difference, 40 pound weight difference, non-existent tattoo, and other identifying characteristics easily viewed on the warrant, David's driver license and David himself (no tattoo, height, weight). Both times, Martin County deputies arrested him anyway and on the last occasion jailed Mr. Sosa for 3 days.

23. Plaintiff David Sosa still lives in Martin County, plans to stay there and drive on the streets and based upon average life expectancies will live for 28 more years. It is much more likely than not that in this time a Martin County Sheriff's deputy will check the identity of Plaintiff David Sosa and, if nothing is changed, be arrested and jailed again.

24. Martin County Sheriff's deputies still patrol Martin County and have the power of detention and arrest.

**JURISDICTION AND VENUE**

25. This Court has jurisdiction over Plaintiffs' federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiffs' state law claims, if any.

26. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Martin County, Florida, within the United States Southern District of Florida.

## PARTIES

27. Plaintiff David Sosa is a resident of Martin County, Florida.

28. Defendant Sheriff William Snyder of Martin County, Florida, and future sheriffs ("The Sheriff"), in an official capacity, is a resident of Martin County, Florida, has been served with process at 800 SE Monterey Road, Stuart, Florida, or in person wherever he is found.

29. Defendant Martin County, Florida is a governmental unit existing within the U.S. Southern District of Florida and has been served with process by serving the Chairperson of the Martin County Board of County Commission who is currently Edward V. Ciampi at 2401 SE Monterey Road, Stuart, Florida, 34996.

30. Defendant Killough, ("Deputy Killough") Individually, at all times relevant was a Martin County Sheriff's deputy and has been served with process at 800 SE Monterey Road, Stuart, Florida, or in person wherever he is found.

31. Defendant Sanchez, ("Deputy Sanchez") Individually, at all times relevant was a Martin County Sheriff's deputy and has been served with process at 800 SE Monterey Road, Stuart, Florida, or in person wherever he is found.

## ADDITIONAL FACTS

32. Plaintiff David Sosa, no middle name, is 49 years old and lives in Martin County, Florida.

33. Both the given name David and the surname Sosa are common in the United States (see Nutshell above). There are thousands of Hispanic adult males named "David Sosa" who

have lived in the United States or visited the United States during the times relevant to this lawsuit. Millions of different people are physically present in Martin County each year. After Texas, Florida has the most people named David Sosa in the United States. Simple statistics would predict that several individuals besides Plaintiff named "David Sosa" are present in Martin County, Florida every year.

34. The use of identifiers such as date of birth, social security number, height, weight, and tattoos have been commonplace for over a hundred years in the United States to avoid confusion that would arise from attempting to keep track of individuals with similar or identical names. This is also one of the practical reasons for government identification to include a person's height, weight, eye color, hair color, and a photo. These and other individual identifiers are recorded not only on government issued identification, but also logged in court records and prison records and databanks readily available to law enforcement officers. Criminal offenders on parole or probation are tracked even more closely, with photographs and other identifying data updated frequently to ensure better tracking in the event of changes in an individual's appearance.

35. In November 2014, David was stopped by a Martin County, Florida sheriff's deputy in a routine traffic stop. As is standard procedure, the deputy obtained David's driver license during the traffic stop. The driver's license clearly showed that David was a resident of Martin County, Florida. A second Martin County Florida deputy showed up.

36. David informed the deputies that he was not the wanted David Sosa and asked if the warrant information matched anything other than his name. The information did not match. David Sosa's date of birth is May 31, 1970, which, among other discrepancies, does not match that of the David Sosa for who a warrant had been issued decades ago in Texas.

37. Despite explaining to both deputies that he was not the wanted David Sosa and the identifiers were different they arrested David anyway, and took him to the station, where he was detained and fingerprinted. David told two Martin County jailers that he was not the wanted David Sosa and the identifiers, such as date of birth, were different.

38. After approximately three hours, it was determined by a Martin County Sheriff's deputy that David was not the wanted David Sosa and he was released. No one at the Martin County Sheriff's office created any file or made any other notation that Plaintiff David Sosa was not the wanted David Sosa out of Texas. There was no system in place at the Martin County Sheriff's Department to put David into so as to alert deputies in the future that Plaintiff David Sosa was not the wanted David Sosa. The four deputies that came into contact with Plaintiff David Sosa knew he lived in Martin County and realized that it was probable that David, given his decades of life left, would come into contact with the Martin County Sheriff's deputies again and be unlawfully detained again.

39. On Friday, April 20, 2018, David was pulled over on traffic stop by Martin County Sheriff's Deputy Killough. Once again, as part of the traffic stop, David provided his driver license, and the deputy ran David's name.

40. As before, the deputy identified a warrant attached to a different David Sosa, from Texas.

41. David explained once again that he was not that David Sosa and made Deputy Killough aware of the prior arrest and that he was let was let go by Martin County. David explained that Martin County, specifically, had arrested him before because of the David Sosa warrant. Again David explained that the David Sosa was not him who was wanted in Texas and did not have the same date of birth, social security number, or other identifying information.

42. Deputy Killough arrested David again and had David's truck impounded.

43. David was then taken to the Martin County jail to be processed, as he repeatedly explained to many Martin County employees to that his date of birth and other identifying information was different than the information on the warrant for the wanted David Sosa. He explained this in detail to a Martin County deputy named Sanchez as well as some other Martin County jailers and employees in the booking area, who took down his information and claimed they would look into the matter.

44. The following day, while still in custody, David was taken to see a magistrate. At his hearing, which was conducted by video conference, David attempted to explain to the judge that this case of mistaken identity could be easily resolved by comparing the information on the warrant with his identification, but several Martin County jailers threatened him and told him not to talk to the judge during his hearing. Based upon these assertions by the Martin County jailers and employees David thought it was a crime to talk to the judge.

45. On Monday, April 23, 2018 while still in custody, David was fingerprinted a second time, then released at approximately 3 pm.

46. David missed work and was unable to personally inform his employer of his absence. David was deprived of his liberty for the duration of the period when he was wrongfully held. David paid money to get his truck out of impoundment.

47. Despite the deputies looking into David's problems by informing their supervisors and the Sheriff no files or other system was created to prevent David and those like him from being wrongfully arrested.

48. David has suffered and continues to suffer great anxiety over his past arrests and detentions by the Martin County Sheriff's Department and that at any time he could arrested again and jailed for days.

49. The Sheriff is responsible for the policies and practices of the office including identifying people arrested on warrants, creating filing systems, and the speed of checking a suspect's claim they are not the person identified in a warrant. Despite knowing about the Martin County Sheriff's office arresting people wrongfully for other people's warrants when there is warrant and other information pointing away from the innocent the Sheriff and his staff have determined they will do nothing to prevent David from being arrested and jailed again for the David Sosa warrant out of Texas and talking up to three days to clear David before release.

## CAUSES OF ACTION

## DEFENDANT MARTIN COUNTY AND THE INDIVIDUAL DEPUTIES

## 42 U.S.C. §1983: 4th, 5th and 14th AMENDMENT VIOLATIONS

## FALSE ARREST and OVER DETENTION

50. Plaintiff reasserts all previous paragraphs as if fully set forth herein.

51. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. Fourth Amendment violation are actionable under 42 U.S.C. Section 1983.

52. The Fourteenth Amendment and 5th Amendment guarantees everyone the right to Due Process of Laws." *U.S. Const. amend. XIV*. Fourth and Fourteenth Amendment violation are actionable under 42 U.S.C. Section 1983.

53. Defendant The Sheriff and Martin County and individual defendant deputies violated David's Fourth Amendment and Fourteenth Amendments rights, at least, when they searched and detained and arrested him without probable cause or reasonable suspicion. Also, Defendants took 3 days to check David's identity and get him out-an Unconstitutionally lengthy time. There was no warrant for the plaintiff, only a warrant for a similarly named person with a different date of birth, height, and weight, all identifiable from the driver license provided to the deputies.

54. Defendant The Sheriff and County and Individual deputies arrested David without a warrant and without probable cause in violation of his clearly established rights.

55. Defendant The Sheriff and County and Individual deputies had no objectively reasonable belief that the arrest was lawful. The facts and circumstances as described above would not lead a prudent person to believe that an offense had been committed. The totality of circumstances in this case, viewed from the standpoint of an objectively reasonable police officer, would not and did not amount to probable cause.

56. While David was eventually released and no charges were filed the defendants had plenty of time to look up whatever they needed to clear David but they did not.

57. Defendant Sheriff and County did not have adequate written policies, or train or supervise the deputies properly such that they arrested David a second time without any probable cause because they refused to consider the fact that all of the identifying information on the warrant for the different David Sosa was different from what was displayed on the plaintiff's driver license, which was in possession of the deputies and the department.

58. Defendant Sheriff and County clearly condoned and ratified the actions of the Defendant Deputies by allowing the arrest and subsequent detention to take place despite having full

knowledge of the facts and circumstances surrounding the situation. The deliberately indifferent training and supervision was a direct and proximate cause of the deprivation of David's federally protected rights. As such, the execution of official policy caused the constitutional violations.

59. Upon information and belief Martin County has arrested many innocent individual because they failed to exclude a person based upon different identifying information between detainee and the actual person wanted for a warrant.

60. Defendant Sheriff and County have established a pattern and practice of arresting people without probable cause.

## INJUNCTIVE RELIEF

61. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

62. Plaintiff needs injunctive relief as at any time a Martin County Sheriff's deputy could come into contact with Plaintiff David Sosa, or any David Sosa, and be detained and arrested on the warrant for the wanted David Sosa.

63. The Sheriff and Martin County could create a file on David Sosa or a file for all wrongfully detained individuals due to misidentification related to warrants. This could be an electronic file or a paper file. The deputies then could receive a memorandum that explains the simple system to check so as not to detain, arrest and/or jail the wrong person.

## CLASS ACTION

64. Pursuant to Fed.R.Civ.P. Rule 23(a) and 23(b)(1) and (2), Class Representative Plaintiff David Sosa brings this class action on his behalf and on behalf of other similarly situated

individuals (Class 1) named David Sosa and, also, (Class 2) individuals falsely arrested or detained on warrants, where the warrants and the arrestee/detainee were two different individuals.

65. The exact number of members in Class 1 identified in the preceding paragraph is not presently known, but upon information and belief, Class 1 includes up to or more than 2000 individuals named David Sosa, who are in danger of being detained or arrested now and in the future and is therefore so numerous that pursuant to Fed. R. Civ. P. 23(a)(1) joinder of individual members in this action is impracticable.

66. The exact number of members in Class 2 identified is not presently known, but upon information and belief, Class 2 includes up to or hundreds of individuals have been arrested or detained in the last 4 years based upon a warrant that was not a Class 2 member, and is therefore so numerous that pursuant to Fed. R. Civ. P. 23(a)(1) joinder of individual members in this action is impracticable. All Putative Class 2 Members are known to the defendants and in fact defendants are in possession of details about each putative class member.

67. There are common questions of law and fact in the action that relate to and affect the rights of each member of the Classes. The relief sought is common to the Classes, as all Putative Class Members were exposed to the same type of conduct by Defendants The Sheriff and Martin County and experienced the same due process, equal protection, 4th Amendment and statutory violations by Defendants The Sheriff and Martin County. Accordingly, pursuant to Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the Classes.

68. The claims of the Class Representative are typical of the Class he represents as the Class Representative claims that Martin County violated the rights held by the Putative Class Members under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. §1988, and state law. There is no conflict between the putative Class Representative and any other members of the Classes with respect to this action.

69. David Sosa is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes that he seeks to represent and he intends to prosecute this action vigorously. Accordingly, pursuant to fed. R. Civ. P. 23(a)(4), the Class representatives will fairly and adequately protect the interests of the Class.

70. This action is properly maintained as a class action in that the prosecution of separate actions by individual Putative Class Members would create a risk of different adjudications with respect to individual members of the Classes that, as a practical matter, would be dispositive of the interests of other members not party to the adjudication, or would substantially impair or impede their ability to protect their interests, or would establish incompatible standards of conduct for The Sheriff and Martin County.

71. This action is properly maintainable under Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3) because The Sheriff and Martin County, has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Classes as a whole and because questions of law and fact predominate over questions affecting individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case.

72. The questions of law or fact common to the Classes and which predominate over any other questions affecting individual Putative Class Members, include without limitation:

    a. Whether The Sheriff and Martin County had a custom, policy and practice of detaining and arresting individuals on someone else's warrant;

    b. Whether The Sheriff's and Martin County's custom, policy and practice of keeping individuals in jail for 24 hours or longer when checking the identity of a person detained/arrested due to a warrant;

    c. Whether The Sheriff and Martin County had a custom, policy and practice of not noting when a person was falsely detained/arrested on someone else's warrant so it would not happen again violated constitutionally protected rights of the Class under 42 U.S.C. § 1983;

    d. Whether The Sheriff and Martin County failed to properly train their employees or correct their abuses including arresting/detaining people due to warrants that were for other persons;

73. This action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individual litigation would increase the delay and expense to all parties and the court system, would create the potential for inconsistent or contradictory judgments and would possibly impair or impede the ability of individual Putative Class Members to protect their interests. The class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

74. The attorney for the Class representatives is experienced and capable in the field of constitutional law and civil rights and has been recognized as knowledgeable, capable counsel who has carried out his duties.

## PUNITIVE DAMAGES

75. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

76. All individual defendants are liable for punitive damages. In addition, the Martin County employee defendants were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEY'S FEES

77. The plaintiff is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988, from Defendants.

## JURY TRIAL

78. The plaintiff demands trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

79. WHEREFORE, Plaintiff David Sosa request that the Court:

    A.    Enter judgment for Plaintiff against Martin County and every individually named defendant jointly and severally;

B.Find that Plaintiff is the prevailing parties in this case and award attorneys' fees and costs, pursuant to federal law, as noted against defendants The Sheriff and Martin County and the individually named defendant deputies jointly and severally;

C.Award monetary damages to Plaintiffs and class members for the violations of their Constitutional rights claim in an aggregate amount of at least $100,000,000;

D.Award Pre- and post-judgement interest;

E.Award Punitive damages against all individually named defendants;

F.Order The Sheriff and Martin County to implement policies and train employees in looking at identifying data in existing warrants to verify whether a warrant is for a given person before arrest or detention and to create a filing system where deputies can check if they have arrested David Sosa, or any one, before on a warrant for someone else;

G.Order injunctive relief to prevent David Sosa from being wrongfully detained based upon someone else's warrant;

H.Certify the Classes; and

I.Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully Submitted,

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
Member, Bar of the United States Supreme Court
511 Broadway Street
Houston, Texas 77012
Telephone: 713.783.2677
FAX:713.893.6737
E-mail:attorneykallinen@aol.com

*/s/ Harris W. Gilbert,*
Harris W. Gilbert
Law Offices of Gilbert & Smallman PLLC
State Bar of Florida No.: 0674060
3475 Sheridan St., Suite 301
Hollywood, FL 33021
Office:  (954) 251-3106
Cell:  (786) 371-4431
Fax:  (954) 404-6003
Email:  hwgilbertlaw@gmail.com

Attorneys for plaintiff

**CERTIFICTE OF SERVICE**

I HEREBY CERTIFY that I have electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic notice to: Summer Barranco, PURDY, JOLLY, GIUFFREDA, BARRANCO & JTSA, P.A.. Counsel for Defendants 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304; and David Arthur, counsel for Martin County, 2401 SE Monterey Road, Stuart, FL 34996, on this 9th day March 2020.

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
511 Broadway Street
Houston, TX 77012,